| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>In re:<br><br>Richard Rubio and Eileen Rubio,<br><br>                         Debtors.<br><br>-------------------------------------------------------X | Firm Tax ID #11-2671938<br><br>Chapter 11<br><br>Case No.: 09-75163-ast<br>**AMENDED**<br>**NOTICE OF PRESENTMENT**<br>**OF AN ORDER TO APPROVE**<br>**STIPULATION OF SETTLEMENT** |

S I R S / M A D A M S :

    **PLEASE TAKE NOTICE**, that an Order will be presented for signature before the Honorable Alan S. Trust, United States Bankruptcy Judge, in his courtroom 960, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on September 9, 2009 at 9:30 a.m. The proposed Order will seek to approve a Stipulation of Settlement by and between Richard Rubio, Westhampton Classic Cars, LLC and Westhampton Beach Holding, LLC, a true copy of which is annexed hereto.

    **PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the proposed Order must be in writing and filed with the Clerk of the Court, United States Bankruptcy Court Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at (631) 712-6200, Monday through Friday, 8:30 a.m. to 5:00 p.m.) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format

on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect or DOS text (ASC II) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b), or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Alan S. Trust, and the law offices of Macco & Stern, LLP, 135 Pinelawn Road, Suite 120 South, Melville, New York 11747.

**PLEASE TAKE FURTHER NOTICE**, that opposition papers, if any, must be served and filed at least 3 business days before presentment date.

Dated: Melville, New York
      August 13, 2009

                                                  MACCO & STERN, LLP
                                                  *Attorneys for Debtor*

                                                  */s/ Peter Corey*_____
                                                  Peter Corey, Esq.
                                                  135 Pinelawn Road - Suite 120 South
                                                  Melville, New York 11747
                                                  (631) 549-7900
                                                  (631) 549-7845 fax

*To: All creditors and parties in interest*

| UNITED STATES BANKRUPTCY COURT | Firm Tax ID #11-2671938 |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------X

| In re: | Chapter 11 |
| Richard Rubio and Eileen Rubio, | Case No.: 09-75163-ast |
| | **AMENDED** |
| Debtors. | **AFFIRMATION IN SUPPORT** |

---------------------------------------------------X

Richard Rubio and Eileen Rubio, the Debtors in the above-captioned bankruptcy proceeding, by their attorneys, Macco & Stern LLP, in support of the Notice of Presentment of an Order Approving a Settlement Agreement allege as follows:

1. Debtor, Richard Rubio ("Rubio") is presently the 98% shareholder of Westhampton Classic Cars, LLC ("Classic Cars") an entity which is also a Debtor and Debtor in possession in the bankruptcy proceeding presently pending before this Court under case number 09-73009-ast (the "Classic Cars Bankruptcy Proceeding"). Until in or about June, 2006, Rubio was a 50% shareholder of Westhampton Beach Holding, LLC ("WB Holding"), who is presently seeking to evict Classic Cars from the premises located at 112 Riverhead Road (the "Premises").

2. As indicated by the Debtors' petition and schedules, Debtors were forced to file the present proceeding due to business debt incurred by Rubio's two corporations which are currently Debtors in bankruptcy proceedings. It is the Debtors' intention to emerge from this Chapter 11 proceeding by having the entities in which the Debtors have an interest once again operate successfully, which will allow the Debtors to propose a confirmable Chapter 11 plan. It is respectfully submitted that the proposed stipulation between the parties hereto will allow the Debtors to pursue this goal.

## BACKGROUND

3. In or about 2003, an individual named Sam Domb ("Domb") and Rubio formed WB Holding for the purpose of acquiring and developing commercial real estate. Thereafter, the Premises was acquired by WB Holding in order to build and operate a luxury automobile dealership at the aforementioned location. The purchase price of the Premises was $800,000.00.

4. Once WB Holding had acquired the Premises, various loans were arranged by Domb through his business connections with HSBC Bank so that the Premises could be built to specifications (the "Project"). HSBC provided an initial approximately 3.3 million dollars in financing toward the Project and obtained a first mortgage against the Premises as and for collateral. Thereafter, two additional loans were provided by HSBC to WB Holding in the aggregate amount of approximately 2.5 million dollars in order to complete the Project.

5. In or about June of 2006, Domb and Rubio determined that additional capital would be needed to complete the Project. Rubio requested that Domb provide the additional capital needed to complete the same, which was estimated at 1.3 million dollars. Domb agreed to provide the 1.3 million dollars.

6. Upon arriving at the scheduled meeting to secure the aforementioned 1.3 million dollars, Rubio was presented with a proposed agreement ("the Agreement") whereby, amongst other provisions, Domb agreed to provide the 1.3 million dollars in financing to Rubio, personally, in exchange for Rubio conveying his 50% ownership interest in WB Holding to Domb. Rubio was advised that this was the only offer that would be proposed. Rubio was not represented by an attorney at this transaction but signed the documents necessary to close the Agreement due to the fact that he had already committed much in the way of personal assets to

the Project and he could not afford to not have the same completed. Upon obtaining the 1.3 million dollars, the Project was completed.

7. The Agreement contained an option whereby Rubio was given one (1) year to reacquire his ownership interest in WB Holding for the payment of 1.4 million dollars to Domb. This option expired in June of 2007. Due to financial constraints, Rubio was unable to exercise this option to repurchase his shares in WB Holding.

8. At or about the same time as the Agreement was closed, Classic Cars entered into a lease agreement with WB Holding whereby Classic Cars paid to WB Holding, an amount that equaled apparently all carrying costs and mortgages relating to the Premises, as rent.

9. Subsequent to the aforementioned transaction, but prior to this bankruptcy proceeding being commenced, Rubio, amongst other parties, commenced an action in the Supreme Court of the State of New York, County of Suffolk entitled Richard Rubio, Westhampton Classic Cars, LLC and Tuscan Sun Ristorante, Inc. d/b/a Annona against Sam Domb and Westhampton Beach Holding, LLC, under index number 09-04812. This proceeding seeks, among other things, rescission of the Agreement.

10. On or about May 27, 2009, WB Holding filed a motion on the Classic Cars Bankruptcy Proceeding to vacate the automatic stay and to compel payment of post-petition rent at the Premises, due to Classic Cars' alleged failure to pay post-petition use and occupancy charges to WB Holding. Classic Cars filed opposition to the relief sought by WB Holding.

11. Rubio and Classic Cars have always maintained that they possess an ownership interest in the Premises, as argued in the State Court litigation and the opposition papers filed in the Classic Cars Bankruptcy Proceeding. It is this particular issue that Rubio and/or Classic Cars planned to litigate in this proceeding and the Classic Cars Bankruptcy Proceeding.

12. The stipulation annexed hereto (the "Stipulation") is an agreement reached between the relevant parties which would settle all of the aforementioned outstanding issues relating to the Premises and the Agreement without any further costs and/or expenses of litigation.

13. In short, the stipulation provides for the payment of agreed upon sums for the period from August 1, 2001 through October 31, 2009 which includes a Balloon Payment (as defined in the Stipulation). It also provides a payment to WB Holding's principal, Sam Domb, in exchange for Domb transferring his 100 percent ownership interest in WB Holding to Classic Cars.

14. The Balloon Payment is to be guaranteed by Rubio, personally, and an additional non-bankrupt entity. Additionally, Classic Cars, Rubio and/or third parties will assume the HSBC Mortgages (as defined in the Stipulation), release Sam Domb from personal liability relating to the same and further release all claims relating to WB Holding's acquisition and/or ownership of the Premises held by Rubio, Classic Cars, and/or any other entity or affiliate related to the same against WB Holding, Sam Domb and their agents.

15. The provisions of the Stipulation will allow Rubio's corporation, Classic Cars, of which he is a 98% shareholder, to commence operating its business once again as a luxury automobile dealer and it will also give Classic Cars a 100% ownership interest in the Premises. It is respectfully submitted that the Stipulation will allow both Classic Cars and the Debtors herein to successfully emerge from their respective Chapter 11 proceedings.

16. Thus, this settlement is in the best interests of the Debtors' estate and its creditors. The Debtors and/or their related entities would not be able to obtain the relief provided for in the Stipulation without successfully litigating possible avoidance actions in the proper forum. As the

Court is aware, this litigation could be costly and could last for an extended period of time, and there would be no guarantee of success at the end of the day. Thus, through the Stipulation, the Debtors are obtaining the relief which would be sought through litigation without the time and expense of the litigation process and the uncertainty relating to the same.

17. It is further submitted that without the Debtors being able to operate Classic Cars, their chances of proposing a confirmable plan would be severely hindered thus, approval of the Stipulation is in the best interests of the Debtors' bankruptcy estate.

## BASIS FOR RELIEF REQUESTED

18. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee and after notice and hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the Debtor, and indenture Trustees as provided in Rule 2002 and to any other entity as the court may direct.

19. In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable based on an:

> [educated estimate of the complexity, expense and likely duration of litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 939 (1968). Accord, American Can Co. v. Herpel (In re Jackson Brewing Co.), 624 F.2d, 605, 607 (5th Cir. 1980); Chopin Assoc. v. Smith (In re Holywell Corp.), 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); In re Arrow Air, Inc., 85 B.R. 886,

891 (Bankr. S.D. Fla. 1998); In re Bell & Beckwith, 77 B.R. 606, 611 (Bankr. N.D. Ohio), aff'd, 87 B.R. 472 (N.D. Ohio 1987). See also, Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.), 67 B.R. 378, 383 (C.D. Ill. 1996) ("the law favors compromise").

20. In reviewing the Proposed Settlement, the Court should consider whther the proposed compromise is in the "best interest of the estate". Depo v. Chase Lincoln First Bank, N.A. (In re Depo), 77 B.R. 381, 383 (N.D.N.Y 1997) ("Depo"), aff'd, 863 F.2d, 45 (2nd Cir. 1998). Moreover, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion". Arrow Air, Inc., *supra*, 85 B.R. at 891. However, the Bankruptcy Court "does not substitute its judgment for that of the Trustee". Depo, *supra*, 77 B.R. at 384.

21. It is not the provence of the Bankruptcy Court "to decided the numerous questions of law and fact raised by [any objections] but rather to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See Osoff v. Rodman, 699 F.2d 599, 608 (2nd Cir.)., cert. denied, 465 U.S. 822 (1983), quoting Newman v. Stein, 464 F.2d 689, 693 (2nd Cir.), cert. denied, 409 U.S. 1039 (1972). Chopin Assoc. vs. Smith, *supra*, 93 B.R. at 294 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'", quoting In re Teltronics Services, Inc., 762 F.2d. 185, 189 (2nd Cir. 1985). Furthermore, in passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee…the parties and their counsel." In re Bell & Beckwith, *supra*, 77 B.R. at 611.

22. The factors to be considered by the Court in determining whether to approve a settlement include:

(1) the probability of success in the litigation, with due consideration for the uncertainty in fact

and law;

(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

(3) all factors bearing on the wisdom of the compromise.

<u>Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, *supra*, 390 U.S. at 425.

23. The Debtors submit that a settlement of this matter, as set forth in the annexed Proposed Settlement, is fair and reasonable and in the best interest of the Debtors' bankruptcy estate and their creditors. The proposed settlement satisfies each of the foregoing criteria and no better result could be achieved at trial or otherwise. As stated, Debtors would seek to pursue the relief obtained in the Stipulation through litigation, with no guarantee of success on the merits thus, the Stipulation should be approved.

24. No prior request for the relief sought herein has been made to this or any other Court.

25. This motion presents no novel or complex legal issues and the Debtors request that the Court waive the requirements of E.D.N.Y LBR 9013-1(b) to submit a separate memorandum of law.

26. A proposed Order approving the Stipulation is annexed hereto.

WHEREFORE, it is respectfully requested that an Order be entered approving the

Stipulation, together with such other and further relief as this Court deems just and proper.

DATED: Melville, New York
        August 13, 2009

                                      Yours, etc
                                      Macco & Stern, LLP
                                      Attorneys for Debtor

                            BY:/s/Peter Corey_____
                                      Peter Corey, Esq.
                                      135 Pinelawn Road, Suite 120 South
                                      Melville, New York 11747
                                      (631) 549-7900
                                      (631) 549-7845 fax

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                 Chapter 11

Richard Rubio and Eileen Rubio,              Case No.: 09-75163-ast
                                                      **AMENDED**
                                                      **ORDER APPROVING**
                                       Debtor.            **STIPULATION**
                                                        **OF SETTLEMENT**
-----------------------------------------------------------------x

       Peter Corey, Esq. having moved this Court by notice of motion dated August 5, 2009 to approve a Stipulation of Settlement dated August 13, 2009 between Richard Rubio, Westhampton Classic Cars LLC and Westhampton Beach Holding LLC, and all creditors and parties in interest having been served with the proposed Order and Application, and no opposition having been interposed, and after due deliberation by this Court, it is

       ORDERED, that the Stipulation of Settlement entered into between the parties is hereby approved.