UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                          Chapter 11
                                                Case No :       09-75163-ast
RICHARD RUBIO and EILEEN RUBIO,

               Debtors.
_____

BANK OF SMITHTOWN,
               Plaintiff           Adv. No: _____

  - against -                                  **COMPLAINT**

RICHARD RUBIO and EILEEN RUBIO,
               Defendants
_____

     Plaintiff BANK OF SMITHTOWN, by its attorney Jeffrey B. Hulse, Esq., complaining of the Defendants, alleges upon information and belief as follows:

1.     The Plaintiff is a creditor of the debtor Defendants.

2.     The Defendants herein filed a petition for relief pursuant to 11 U.S.C., Chapter 11 on the 13th day of July, 2009.

3.     The relief sought herein is an Order and Judgment declaring the claim of the Plaintiff against these Defendants to be non-dischargable. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. 157.

## BACKGROUND AND IDENTIFICATION OF PARTIES

4. Plaintiff Bank of Smithtown is a banking corporation organized pursuant to the laws of the State of New York with its principal offices located at 100 Motor Parkway, Hauppauge, New York.

5. The debtor Defendants are husband and wife.

6. Upon information and belief and at all times herein alleged, the Defendant Richard Rubio acted as agent of the Defendant Eileen Rubio and with her knowledge permission and consent.

7. Richard Rubio is an entrepreneur/businessman who has been engaged over the years in high end automotive sales & repairs as well as the establishment and operation of an exclusive gourmet restaurant in Westhampton Beach, New York. It is those activities which bring this bankruptcy proceeding, as well as the proceeding of Westhampton Coachworks, Ltd (09-73008-ast) and Westhampton Classic Cars d/b/a Manhattan Motorcars of the Hamptons (09-73009-ast) before this Court.

8. In late 2007 Richard Rubio entered into negotiations on behalf of his company Westhampton Classic Cars d/b/a Manhattan Motorcars of the Hamptons to acquire an

existing BMW and Mini automobile dealership located in Southampton, New York from Country Imported Car Corp.

9. In order to facilitate the negotiations Mr. Rubio requested that the Plaintiff, with whom he had an existing and ongoing banking relationship, to loan the Defendants the sum of Five Hundred Thousand and 00/100 ($500,000.00) Dollars without security to be used as a refundable deposit.

10. The Defendants represented to the Plaintiff that the Loan would be deposited in escrow with the seller's attorney, whereupon the seller was to permit the Defendant to review the books and records of the seller and conduct the "due diligence" needed to permit the Defendant to determine whether and upon what terms he would proceed with the acquisition.

11. The Defendants further represented to the Plaintiff that, if the purchase did not proceed, the proceeds of the Loan would be immediately repaid to the Plaintiff.

12. The Defendants further represented to the Plaintiff that, since the Loan proceeds would be held in escrow and were not to be utilized for any other purpose, no collateral to secure repayment would be required.

13. The Defendants delivered various documents, including a letter of intent, evidencing the

aforesaid representations and conditions in order to induce the Plaintiff to make the Loan.

14. The aforesaid documents were materially false and gave the Plaintiff a false sense of security with respect to the safety and security of its loan.

15. In reliance upon the aforesaid representations, the Plaintiff loaned the Defendants the sum of Five Hundred Thousand and 00/100 ($500,000.00) Dollars on the 11th day of January, 2008 (the "**Loan**").

16. Thereafter, the Defendants failed to consummate the purchase of the dealerships and failed and refused to repay the Loan as agreed.

17. Upon information and belief, the proceeds of the Loan were never placed in escrow, or in the alternative, were released from escrow to the Defendants leaving the Plaintiff's Loan unsecured and unprotected.

18. Upon information and belief, the Defendants used the Loan proceeds to pay expenses associated with their other business interests: to wit, Westhampton Coachworks, Ltd and Westhampton Classic Cars.

19. The use of the Loan proceeds was in direct violation of the Loan agreement and the representations and inducements made by the Defendants to the Plaintiff.

20. Upon information and belief, the Defendants knew that their use of the Loan proceeds was in direct violation of their representations and inducements.

21. Upon information and belief, the Defendants knew that their use of the Loan proceeds was in direct violation of the escrow terms and thus in violation of their fiduciary obligations with respect to the handling of the Loan proceeds.

22. The Plaintiff would not have made the Loan but for the representations and inducements of the Defendants.

23. On May 26, 2009 the Plaintiff commenced an action against the Defendants in the Supreme Court of the State of New York, County of Suffolk under Index Number 09-19918 seeking, among other things, a money judgment for the recovery of the claim which is the subject of this proceeding.

24. The Defendants were duly served with the Summons and Complaint and a Judgment was entered on July 1, 1009 in the aggregate sum of $757,882.48, of which $526,301.60 represented judgment on the claim herein.

25. Plaintiff seeks to have such claim to be declared non-dischargable.

## AS AND FOR A FIRST CLAIM FOR RELIEF

26. The Defendants have obtained money from the Plaintiff by false pretenses and false representations, which acts were the direct and proximate cause of damage to the Plaintiff as hereinafter alleged.

27. By reason thereof, Plaintiff requests an Order and Judgment declaring Plaintiff's claim herein to be non-dischargable pursuant to 11 U.S.C. 523 (a)(2).

## AS AND FOR A SECOND CLAIM FOR RELIEF

28. The Defendants have engaged in one or more acts of fraud, defalcation and larceny, which acts were the direct and proximate cause of damage to the Plaintiff as hereinafter alleged.

29. By reason thereof, Plaintiff requests an Order and Judgment declaring Plaintiff's claim herein to be non-dischargable pursuant to 11 U.S.C. 523 (a)(4).

## AS AND FOR A THIRD CLAIM FOR RELIEF

30. The Defendants have engaged in one or more wilful and malicious acts against the person and property of the Plaintiff, which acts were the direct and proximate cause of the damage to the Plaintiff as hereinafter alleged.

31. By reason thereof, Plaintiff requests an Order and Judgment declaring Plaintiff's claim

herein to be non-dischargable pursuant to 11 U.S.C. 523(a)(6).

WHEREFORE, Plaintiff requests an Order and Judgment of this Court declaring the Plaintiff's claim and judgment entered against the Defendants in the Supreme Court of the State of New York, County of Suffolk, in the sum of $526,301.60 plus interest from the date of Plaintiff's judgment (July 1, 2009) to be non-dischargable pursuant to 11 USC 523 (a)(2), (4) & (6) together with such other and further relief as to this Court may seem just, proper and equitable.

Dated: Sound Beach, New York
October 7, 2009

__S/_____
JEFFREY B. HULSE, ESQ. (JH2095)
Attorney for Plaintiff
295 North Country Road
Sound Beach, New York 11789
Tel (631) 821-3667
Fax (631) 821-3669

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:                                        Chapter 11
                                              Case No :      09-75163-ast
RICHARD RUBIO and EILEEN RUBIO,

                Debtors.
_____

BANK OF SMITHTOWN,
                Plaintiff                     Adv. No:      _____

     - against -

RICHARD RUBIO and EILEEN RUBIO,
                Defendants

_____


**SUMMONS AND COMPLAINT**
**TO DETERMINE DISCHARGABILITY**


JEFFREY B. HULSE, ESQ.
Attorney for Bank of Smithtown
295 North Country Road
Sound Beach, New York 11789
tel (631) 821-3667
fax (631) 821-3669